

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| RONALD F. CAMERON,<br>　　　　Plaintiff,<br><br>vs.<br><br>JERRY COX, Chief of Darlington City Police Dept.; DANIEL L. WATSON, Capt. of Darlington City Police Dept.; M. AUGUST, Detective of Darlington City Police Dept.; M. VALAZAK, Officer of Darlington City Police Dept.; TONYA C. LITTLE, Asst. Public Def. of Darlington County,<br>　　　　Defendants. | CIVIL ACTION NO. 1:10-1278-HFF-SVH |

## ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the Police Defendants' Motion for Summary judgment [Entry #25] be granted as to Cox and denied as to Watson, August, and Valazak. The Magistrate Judge further recommended that Defendant Little's Motion for Summary Judgment [Entry #30] be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 21, 2011, and Defendants filed their objections to the Report on January 24, 2011. Plaintiff failed to file any objections.

In their objections, Defendants argue that the Magistrate Judge erred in the following ways: (1) by concluding that there existed any genuine issue of material fact for trial based solely upon the filing of Plaintiff's verified complaint, (2) by concluding that Plaintiff may be entitled to the recovery of nominal damages, (3) by concluding that a genuine issue of material fact exists as to whether Defendants Watson, August, and Valazak positively and tacitly came to a mutual understanding to illegally seize Plaintiff's DNA sample, and (4) by concluding that a genuine issue of material fact exists as to whether Plaintiff consented to the DNA test at issue. The Court has made a de novo review of those portions of the Report and record, however, and finds these objections to be without merit. Therefore, because the Court agrees with the Magistrate Judge's comprehensive and well-reasoned discussion of these issues, it will not repeat the discussion here.

As noted, Plaintiff did not file any objections to the Report. The Court also observes that Defendants failed to file any objections to several portions of the Report. In the absence of such objections, the Court is not required to give any explanation for adopting those recommendations. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Moreover, a failure to object waives appellate review as to those issues. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Defendants' objections, adopts the Report, and incorporates it

herein. Therefore, it is the judgment of this Court that the Police Defendants' Motion for Summary judgment [Entry #25] is **GRANTED** as to Cox and **DENIED** as to Watson, August, and Valazak. Moreover, Defendant Little's Motion for Summary Judgment [Entry #30] is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 30th day of March, 2011, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.